IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03547

YAN WANG,

Plaintiff,

v.

MIYAKO INC, a Colorado corporation, and
XIANGXING LIN,

Defendants.

# COMPLAINT

The Plaintiff, Yan Wang ("Mr. Wang"), by and through his attorneys, Miller & Law, PC, for his Complaint against the Defendants, Miyako Inc ("Miyako") and Miyako's principal, Xiangxing Lin ("Mr. Lin"), states as follows:

## NATURE OF THE ACTION

This action is brought to redress the Defendants' willful violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201-219 ("FLSA") and the Colorado Wage Act, C.R.S. §§8-4-101, *et seq.* ("CWA"), as well as the violation of Colorado common law prohibiting the wrongful termination of employment in violation of public policy.  Specifically, Defendants deliberately failed and refused to pay Mr. Wang his earned regular wages, overtime wages and tipped wages, refused to allow him to take any meal or rest breaks, then terminated his employment shortly after learning that Mr. Wang was pursuing a workers' compensation claim following a work injury.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1367.  The unlawful employment practices alleged herein were committed

within the jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

2.     Plaintiff, Mr. Wang, is an individual resident of the state of California, with a residential address of 11134 Daneswood Dr., Arcadia, California 91006.

3.     Defendant Miyako is a Colorado corporation, with a principal place of business located at 720 Lincoln Ave, Steamboat Springs, Colorado 80487.

4.     Defendant, Mr. Lin, is a principal of Miyako and is an individual resident of the state of Colorado, with a residential address of 1550 Red Hawk Ct., Steamboat Springs, Colorado 80487.

## GENERAL ALLEGATIONS

5.     Miyako operates a restaurant under the trade name of "720 Fusion Fresh" that is located at 720 Lincoln Ave, Steamboat Springs, Colorado 80487 (the "Restaurant").

6.     Miyako is not registered to do business under the trade name, "720 Fusion Fresh."

7.     The Restaurant's liquor license with the State of Colorado (License #03-05737) is held under the trade name, "Empress."

8.     At all times relevant to the employment relationship set forth herein, Miyako was under the control of Mr. Lin.

9.     At all times relevant to the employment relationship set forth herein, Mr. Lin had the power and authority to establish and implement employment and personnel policies, hire and fire employees, set compensation and work schedules, establish working conditions, sign paychecks, issue pay statements, and direct legal proceedings on behalf of Miyako.

10.    Mr. Wang was employed as a server and a bartender at the Restaurant from August 5, 2020 through August 26, 2020.

11. At all times relevant to the employment relationship set forth herein, Mr. Wang worked under Mr. Lin's direct supervision and control in the performance of his services at the Restaurant.

12. For purposes of both the FLSA and the CWA, Mr. Lin was also Mr. Wang's "employer," and he may personally be held liable for Mr. Wang's unpaid wages and overtime.

13. Miyako hired Mr. Wang as a tipped W2 employee at the Colorado tipped employee base wage rate of $8.98 per hour, and $13.47 per hour for overtime wages.

14. Miyako dictated the specific hours that Mr. Wang was expected to work at the Restaurant.

15. Mr. Wang proceeded to work for a total of 195.85 hours for Miyako during 16 consecutive days on the job from August 5 through August 20, 2020, a total that included 104 regular hours (corresponding to $933.92 in regular base wages) and 91.85 overtime hours ($1,237.22), representing a grand total of $2,171.14 in combined regular and overtime base wages.

16. In addition, Mr. Wang generated a total of approximately $2,200.00 in tips during his 16 consecutive days on the job, tips that were retained by Miyako.

17. On all but one of the 16 days that Mr. Wang performed work for Miyako, he worked shifts in excess of 10 consecutive hours.

18. Mr. Wang was not afforded any meal periods or breaks during his long days of work at Miyako; he was forced to work at all times when he was on the Restaurant premises.

19. In violation of the employment laws, Miyako failed to provide Mr. Wang with an uninterrupted and duty-free meal period of at least 30 minutes in duration, even though his shifts exceeded five consecutive hours of work, nor was he permitted to consume an on-duty meal while performing his duties.

20. Mr. Wang is entitled to additional wages in the total amount of $139.19, representing 15.5 hours of regular wages across the 16 days that he was employed, which is equivalent to the 30-minute meal break that he was required to have been provided with on each of those days for every five hours worked; Miyako has failed to pay these additional wages.

21. Miyako failed to comply with the FLSA and Colorado law that requires that posters regarding minimum wages and paydays be displayed in all workplaces; these posters were nowhere to be found at Miyako during Mr. Wang's employment, and the absence of these posters directly related to the labor law violations that he endured, as set forth herein.

22. The final day that Mr. Wang performed work for Miyako was on August 20, 2020.

23. At approximately 9:30 pm on August 20, 2020, as the Restaurant was in the process of closing for the evening, Mr. Lin directed Mr. Wang to take out the trash and to close the doors to the Restaurant.

24. As Mr. Wang attempted to close the Restaurant's heavy metal doors, his left middle finger was smashed in between the doors, pinching off his fingernail and causing profuse bleeding.

25. As he was in urgent need of medical treatment, Mr. Wang requested that Mr. Lin immediately drive him to the local emergency room; Mr. Lin instead first drove two other employees to their apartment, and only later that evening drove Mr. Wang to the Steamboat Emergency Center, where Mr. Wang received treatment for his injury.

26. After taking x-rays and stitching Mr. Wang's injury, the attending physician at the Steamboat Emergency Center directed him to return for a follow-up consultation several days later, and to bring the Restaurant's insurance claim number and policy information for billing purposes.

27. Mr. Lin initially refused to provide the Restaurant's insurance information, then he subsequently changed his mind and furnished that information to Mr. Wang.

28. On August 26, 2020, while Mr. Wang remained out of work as he recovered from his injury, Mr. Lin terminated Mr. Wang's employment, without explanation.

29. On information and belief, Mr. Wang's employment was terminated solely because of Mr. Wang's work-related injury, and specifically as a result of Mr. Lin's awareness that Mr. Wang was seeking workers' compensation benefits.

30. Notwithstanding the abrupt cessation of his employment on August 26, 2020, Mr. Wang still has not received payment in full of his wages, including tips, from Miyako.

31. Miyako issued a single paycheck to Mr. Wang on August 26, 2020 in the amount of $1,000.00, under the business name, "Miyako Inc".

32. Miyako thus failed to pay Mr. Wang for $1,171.14 in regular and overtime base wages, as well as approximately $2,200.00 in tips, as well as $139.19 for meal breaks to which Mr. Wang should have been entitled.

33. Through his counsel, Mr. Wang served a written demand for payment of wages on Miyako on October 14, 2020, and followed up on that written demand through oral and written communications with two different representatives of Miyako on October 20, 2020.

34. More than fourteen (14) days have passed following Miyako's receipt of Mr. Wang's October 14, 2020 demand for payment of wages, yet Miyako still has not paid any amount toward the $3,510.33 in outstanding compensation that Mr. Wang is owed.

## CLAIMS FOR RELIEF

### First Claim For Relief
*(Willful Violation of the FLSA – By Miyako and Mr. Lin)*

35. Mr. Wang restates and incorporates herein by this reference all above-stated paragraphs as if fully set forth herein.

36. Defendants failed and refused to pay Mr. Wang's wages as required under the FLSA.

37. Defendants failed and refused to pay wages to Mr. Wang in accordance with the minimum wage provisions of the FLSA.

38. Defendants failed and refused to pay overtime to Mr. Wang in accordance with the overtime provisions of the FLSA.

39. Under the FLSA, the burden of keeping proper records of wages and hours is upon Defendants; Defendants breached this duty to Mr. Wang.

40. Upon information and belief, Defendants failed to maintain accurate or complete books and records of all hours worked by Mr. Wang, in violation of the FLSA.

41. Defendants knew that the Mr. Wang was covered by the provisions of the FLSA relating to record keeping and the payment of wages and overtime.

42. Upon information and belief, Defendants nonetheless failed and refused to comply with the provisions of the FLSA by failing to properly record Mr. Wang's hours and refusing to pay his wages.

43. As a direct and proximate result of Defendants' failures, Mr. Wang has incurred damages, including but not limited to unpaid wages, overtime and final pay, as well as attorney's fees and court costs.

44. Even though Mr. Wang's final wages were due and payable, Defendants have willfully failed and refused to pay such wages, despite the Mr. Wang's requests.

45. Pursuant to the FLSA, Defendants are jointly and severally liable for liquidated damages in the amount of 100% of Mr. Wang's unpaid wages – including regular and overtime

base wages, tips, and compensation for meal breaks to which Mr. Wang should have been entitled - as well as the payment of Mr. Wang's attorney's fees and court costs.

## Second Claim For Relief
### *(Willful Violation of the Colorado Wage Act – By Miyako and Mr. Lin)*

46. Mr. Wang restates and incorporates herein by this reference all above-stated paragraphs as if fully set forth herein.

47. Defendants failed and refused to pay Mr. Wang's wages as required under the CWA.

48. Defendants failed and refused to pay wages to Mr. Wang in accordance with the minimum wage provisions of the CWA.

49. Defendants failed and refused to pay overtime to Mr. Wang in accordance with the overtime provisions of the CWA.

50. Defendants failed to provide Mr. Wang with pay statements setting forth his pay and deductions for all pay periods that he worked for Defendant, as required under the CWA, C.R.S. §8-4-103.

51. Upon information and belief, Defendants failed to maintain accurate or complete books and records of all hours worked by Mr. Wang, in violation of the CWA.

52. Defendants persisted in said failure and refusal to pay Mr. Wang's accrued and unpaid wages for more than fourteen (14) days following its receipt of a written demand for same that was issued on behalf of Mr. Wang.

53. Defendants' failure and refusal to pay all wages due and owing to Mr. Wang, in violation of the CWA, was willful.

54.     As a direct and proximate result of Defendants' violation of the CWA, Mr. Wang has incurred damages, including but not limited to unpaid wages, tips and unpaid meal breaks as well as attorney's fees and court costs.

55.     Pursuant to the CWA, Defendants are jointly and severally liable for the amount of Mr. Wang's unpaid wages – including regular and overtime base wages, tips, and compensation for meal breaks to which Mr. Wang should have been entitled - as well as a penalty in the amount of 125% of those wages, as well as the payment of Mr. Wang's attorney's fees and court costs.

56.     Pursuant to the CWA, Defendants' willful failure to pay Mr. Wang's accrued wages – including regular and overtime base wages, tips, and compensation for meal breaks to which Mr. Wang should have been entitled - renders them jointly and severally liable for an additional penalty in the amount of 50% of those unpaid wages.

### Third Claim For Relief
*(Wrongful Termination in Violation of Public Policy  
for Exercising a Right or Performing a Public Duty – By Miyako)*

57.     Mr. Wang restates and incorporates herein by this reference all above-stated paragraphs as if fully set forth herein.

58.     During the course of Mr. Wang's employment with Miyako, he exercised a statutory, regulatory or rule-based right relating to public health, safety, or welfare.

59.     During the course of Mr. Wang's employment with Miyako, he exercised an important work-related right or privilege.

60.     In particular, having sustained a work-related injury, Mr. Wang exercised his work-related right to seek workers' compensation benefits and/or to seek to have his injury and resulting necessary medical treatment covered by Miyako's business insurance policy.

61. Mr. Wang also exercised his right to take leave and/or to temporarily remain out of work for reasons that directly related to public health, safety, or welfare as a result of his work-related injury.

62. Mr. Wang reasonably believed that he had a right to follow statutes, regulations and/or rules regarding his work-related injury and the resulting necessary medical treatment, as well as his right to take leave and/or to temporarily remain out of work under these circumstances.

63. Miyako was aware, or reasonably should have been aware, that Mr. Wang reasonably believed under these circumstances (i) that he had a right to follow statutes, regulations and/or rules that allow him to seek workers' compensation benefits and/or to seek to have his injury and resulting necessary medical treatment covered by Miyako's business insurance policy, and/or (ii) that he had a right to take leave and/or to temporarily remain out of work for reasons that directly related to public health, safety, or welfare as a result of his work-related injury.

64. Miyako terminated Mr. Wang's employment because of, and in retaliation for, (i) Mr. Wang's exercise of his right to seek workers' compensation benefits and/or to seek to have his injury and resulting necessary medical treatment covered by Miyako's business insurance policy, and/or (ii) Mr. Wang's exercise of his right or privilege as a worker to take leave and/or to temporarily remain out of work for reasons that directly related to public health, safety, or welfare as a result of his work-related injury.

65. As a direct and proximate result of the Miyako's wrongful and retaliatory termination of his employment, Mr. Wang has suffered damages.

## Additional Claims For Relief

66. Mr. Wang reserves the right to add additional claims after discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Miyako and Mr. Lin, jointly and severally, and award him the following relief, to the fullest extent allowed by law:

i. Unpaid wages, including unpaid regular hours, unpaid overtime hours, unpaid tips and lost compensation for unpaid meal breaks, in the total amount of $3,510.33;
ii. Liquidated damages in the amount of 100% of Mr. Wang's unpaid wages - $3,510.33 - pursuant to the FLSA;
iii. A penalty in the amount of 175% of Mr. Wang's unpaid wages - $6,143.08 - pursuant to the CWA;
iv. Attorneys' fees and costs associated with this action, including expert witness fees, pursuant to the FLSA and the CWA;
v. Lost compensation and benefits resulting from the wrongful termination of Plaintiff's employment (against Miyako only), in an amount to be determined at trial;
vi. Pre- and post-judgment interest at the highest lawful rate; and
vii. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

Dated this 1st day of December 2020.

          **MILLER AND LAW, P.C.**

          **By: /s/ David J. Meretta**
          David J. Meretta, #44409
          1900 W. Littleton Blvd.
          Littleton, CO 80120
          (303) 722-6500
          djm@millerandlaw.com

          Plaintiff's address:

          11134 Daneswood Dr.
          Arcadia, California 91006