IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03547-MEH

YAN WANG,

    Plaintiff,

v.

MIYAKO INC, and
XIANGXING LIN,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

This matter comes before the Court upon Plaintiff's failure to respond to its Order to Show Cause. ECF 42.

## BACKGROUND

Plaintiff filed this case on December 1, 2020. ECF 1. As Plaintiff's claims concern alleged violations of the Fair Labor Standards Act of 1938, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* The parties consented to Magistrate Judge jurisdiction, ECF 10, and Chief Judge Brimmer issued an order of reference on January 15, 2021. ECF 11.

On February 3, 2021, this Court entered a Scheduling Order. ECF 18. Five months later, counsel for Defendants sought to withdraw. ECF 19. The Court held a conference at which counsel was permitted to withdraw. ECF 21. The Court also ordered the appointment of pro bono counsel. ECF 22. Because Defendant Miyako Inc. is a corporate entity, it cannot appear in this Court without representation. *Tal v. Hogan*, 453 1244, 1254 (10th Cir. 2006). Therefore, the Court set a

status conference to check on Defendant Miyako Inc.'s representation. ECF 23; ECF 24. The Court held the status conference on October 14, 2021, and no counsel had entered an appearance. ECF 29. Plaintiff then properly moved for entry of default, and the Clerk entered default as to Defendant Miyako Inc. ECF 30; ECF 31. Plaintiff later filed a motion for default judgment which remains pending. ECF 32.

Subsequently, a notice of pro bono appointment of counsel was entered for Defendants on February 22, 2022. ECF 35. Once counsel entered his appearance, ECF 36, the Court set a status conference to discuss the posture of the case. ECF 37. Immediately thereafter, Mr. David Meretta, counsel for Plaintiff, filed a motion to withdraw. ECF 38. He asserted that he had "not received any communication form the out-of-state Plaintiff since December 7, 2021." *Id.* at 1. The Court issued an order stating that it would address the motion at a conference scheduled for April 7, 2022, directing Mr. Meretta to send a copy of the minute order to his client, and indicating that Plaintiff could participate in the conference by telephone. ECF 39. Plaintiff did not participate in the conference despite being given the opportunity to do so. ECF 41. Moreover, Mr. Meretta stated that he still had no contact from his client. The Court granted Mr. Meretta's motion to withdraw. *Id.*

The Court ordered Plaintiff to show cause in writing by April 29, 2022 as to why his lawsuit should not be dismissed for his failure to communicate with his attorney and the resulting failure to prosecute this case. ECF 42. The Court forewarned him that it would dismiss this lawsuit without further notice if he failed to comply with the order. *Id*. To date, Plaintiff has not filed a response.

## **DISCUSSION**

The withdrawal of his counsel meant that Plaintiff was proceeding on a pro se basis. However, pro se status does not excuse the obligation to comply with the same court orders and

2

rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or comply with a court order. *Id.*; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), a court should consider five factors before dismissing claims under Rule 41(b)[1]:

1. "the degree of actual prejudice to the defendant,"

2. "the amount of interference with the judicial process,"

3. "the culpability of the litigant,"

4. "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and

5. "the efficacy of lesser sanctions."

*Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

---

[1] The Court acknowledges that consideration of the *Ehrenhaus* factors is typically required for dismissals *with* prejudice. *Nasious*, 492 F.3d at 1162; *cf. Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (noting that the district court "did more than is required for a dismissal without prejudice when it recited and applied the *Ehrenhaus* factors.").

3

As applied here, there appears to be little prejudice to Defendants given that pro bono counsel only recently entered his appearance. The Court finds some interference with the judicial process since this case cannot continue without Plaintiff's participation. More significantly, Plaintiff's culpability is evident: despite the Court's orders requiring him to appear and respond, he has not done so.[2] Moreover, he chose to stop communicating with his attorney. *See Robertson v. Atl. Franchise Grp., Inc.*, No. 6:06-CV-446-ORL-19JGG, 2006 WL 3837516, at *2 (M.D. Fl. Dec. 29, 2006) ("It is clear that Plaintiff's failure to communicate with her counsel is an abandonment of her case, and constitutes a failure to prosecute."). Consequently, Plaintiff appears to have abandoned this lawsuit. The Court warned Plaintiff that if he failed to respond, the Court may dismiss his case without further notice. Given his absence, no sanction short of dismissal would be effective. Nevertheless, the Court does not find the *Ehrenhaus* factors on balance to favor dismissal of Plaintiff's claims *with* prejudice, although his failure to prosecute does warrant dismissal without prejudice. *Dixon v. Nielsen*, No. 08-cv-01193-PAB-MEH, 2009 WL 42439, at *4 (D. Colo. Jan. 7, 2009) ("Dismissal with prejudice 'represents an extreme sanction appropriate only in cases of willful misconduct,' and should be used' as a weapon of last, rather than first, resort,' particularly in *pro se* cases.") (quoting *Ehrenhaus*, 965 F.2d at 920).

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 41(b), Plaintiff's claims are **dismissed without prejudice** for Plaintiff's failure to prosecute. In light of this, Plaintiff's motion for default judgment [filed November 16, 2021; ECF 32] is **denied as moot**. The Court directs the Clerk of the Court to close this case.

---

[2] The Court observes that the Clerk of the Court issued a certificate of service by mail to Plaintiff's address, and there is no indication that the mail was undeliverable. ECF 43.

4

Dated and entered at Denver, Colorado, this 3rd day of May, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5